## 9374

### LEA v. SOUTH ATLANTIC PECAN CO.

(88 S. E. 530.)

MASTER AND SERVANT — CONTRACT OF EMPLOYMENT — CONSTRUCTION — "UNTIL."—Where defendant corporation wrote plaintiff, by its directors, that the company had agreed to employ him at a salary of $100 per month and expenses, commencing September 1, 1913, until they should be in a position to put a stock issue of $250,000 in his hands for sale, which the company agreed to do within 60 days, and that when the stock should be placed, the company would advance him $50 per week, and allow a commission of 15 per cent. on all accepted sales, etc., plaintiff's contract of service did not end automatically when a meeting of stockholders of October, 1913, failed to authorize the issuance of the stock referred to, and he could recover for services rendered from September 1, 1913, to March 1, 1914, less payments; the letter, by the use of "until," contemplating not so much an automatic ending of one contract of service as the beginning of another and additional contract.

Before HON. M. F. ANSEL, special Judge, Columbia, May, 1915. Affirmed.

Action by George A. Lea, Jr., against the South Atlantic Pecan Company. From a judgment for plaintiff, defendant appeals.

The letter directed by the opinion to be reported is as follows:

"Columbia, S. C., September 13, 1913.

"Mr. George A. Lea, Columbia, S. C. Dear Sir: This is to advise you that South Atlantic Pecan Company has agreed

to employ you at a salary of $100 per month and expenses, commencing September 1, 1913, until we are in a position to put the stock issue of $250,000 in your hands for sale, which the company agrees to do within sixty days from the date of this letter. When the sale of this stock is placed with you, this company will advance you $50 per week and allow you a commission of 15 per cent. on all accepted sales, no sale to be made for less than par, and the company to give you all the assistance that it can in making these sales. The present stockholders are to allow the stock dividend to be issued to be held by B. F. Taylor as trustee until $200,000 of the new issue is sold, in order to prevent any present stockholders from offering their stock for less than par. At the end of sixty days from the date when the sale of the stock is placed with you, both the company and you shall have the right to terminate this agreement on giving notice of thirty days of the desire to do so.

"In so far as the above relates to the sale of new stock, the same is subject to confirmation by the stockholders at the meeting now being called for the proposed stock increase. (Signed by three directors.)"

*Messrs. Weston & Aycock,* for appellant, submit: *Cause of action being on express contract recovery cannot be sustained on quantum meruit:* 60 S. C. 373; 98 S. C. 222.

*Mr. D. W. Robinson,* for respondent, submits: *Construction of contract was for the Court:* 66 S. C. 18; 101 S. C. 272-3; 50 S. E. 446; 138 N. C. 25. *Rules of construction:* 76 S. C. 300, 301. *Against party who drew it:* 74 U. S. 688; 76 U. S. 394; 192 U. S. 162; 64 S. E. 171; 150 N. C. 385; 46 S. C. 495; 78 S. C. 77. *Ambiguity:* 62 S. E. 354; 108 Va. 557; 79 S. E. 676; 163 N. C. 325. *Entirety:* 84 S. C. 153. *Interpretation by parties:* 81 S. C. 12; 100 S. C. 9-10.

April 6, 1916.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The plaintiff sued the defendant for $530, alleged to be due to the plaintiff for personal service. The Court directed a verdict for the plaintiff for that amount, and the defendant has appealed.

The contract betwixt the parties is evidenced by a letter from the defendant to the plaintiff, which will be reported. The plaintiff sued on that, and stated for a second cause of action an implied agreement by the defendant to pay the plaintiff that which the plaintiff's services were worth. During the trial the second cause of action was withdrawn, and the recovery was had on the written contract. The appeal involves only one question, and that is the meaning of the letter of employment.

Confessedly the plaintiff began his service September 1, 1913, and confessedly he was to be paid "$100 per month and expenses." The only testimony was the letter of employment and the plaintiff's. The defendant swore one witness, but his testimony made no issue. The plaintiff testified he worked for the defendant six months from September to February, both inclusive; that he was paid his expenses and $70 over them; that he was due, therefore, $530. The only contention the defendant makes is that the plaintiff's "contract of service ended automatically when the meeting of stockholders of October, 1913, failed to authorize the issuing of stock referred to." We think that construction of the letter is not warranted by the words of it, or by the conduct of the writers thereafter.

We shall not advert to those sometimes capricious rules which Courts have laid down for the construction of written instruments; sometimes they are like bridges across chasms which shrewd men may bestride. The proof is uncontradicted that the plaintiff did work for the defendant, with defendant's knowledge, of course, from September 1st to

March 1st; and the proof is uncontradicted that there was at the start, and confessedly for two months, a contract for service between them. The plain inference is that the plaintiff was working under the contract.

The letter by the use of the word "until" manifestly contemplated not so much an automatic ending of one contract of service as the beginning of another and different contract of service between the parties. The performance of the other contract was not entered upon by the parties. The letter contains no express words to end the first service, which service was begun by express words. An implied intent to end it will not be inferred.

We think the Circuit Court was right, and the judgment is affirmed.

MR. JUSTICE FRASER took no part in the consideration of this case.